AMY, J.,
dissenting in part.
|TI respectfully dissent, in part, from the majority opinion. Chiefly, I do not find that, in this case, the retroactive/prospective construct is helpful "with regard to consideration of La.R.S. 23:1203.1. Rather, it seems to me that, by focusing upon the parties’ “dispute,” the express wording of the statute accounts for the fact that the *463 Office of Workers’ Compensation maintains continuing jurisdiction over a claim and that various issues arise during the life of that claim. Specifically, La.R.S. 23:1203.1(1) anticipates the statute’s application “[ayter the promulgation of the medical treatment schedule” and subsequently, in Paragraph J, dictates the use of the review procedures set forth “[i]f any dispute arises after January 1, 2011....” (Emphasis added.)
In this case, the dispute involves the November 2011 denial of the claimed medical treatment. That date is after both the promulgation of the medical treatment schedule and after the January 1, 2011 applicability point of La.R.S. 23:1203.1(J). Therefore, and in light of the continuing jurisdiction. of the workers’ compensation judge to hear disputes related to a claim as they arise, I find the facts that this accident occurred in 2000 and that the statute was not enacted until 2009 are irrelevant. Rather, the dispute did not arise before the statute’s legislatively mandated date of application. In this sense, I do not see that the review procedure |2of the statute is at all being applied retroactively. Instead, in the case before us, that procedure is only being applied to disputes arising after that date.
Further, and in light of my opinion that La.R.S. 23:1203.1 is applicable, I do not join in the majority’s award of attorney fees for work performed on appeal.
For these reasons, I dissent, in part, from the majority opinion and would affirm the ruling of the workers’ compensation judge.